Print

## CASE INFORMATION

### CV-17-882659 MICHAEL PETERS vs. INMATE SERVICES CORP.

#### Docket Information

| Filing Date | Side | Type | Description | Image |
|---|---|---|---|---|
| 07/12/2017 | N/A | SR | FEDEX RECEIPT NO. 32686583 DELIVERED BY FEDEX 07/11/2017 INMATE SERVICES CORP. PROCESSED BY COC 07/12/2017. | |
| 07/06/2017 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 07/06/2017 | D1 | CS | WRIT FEE | |
| 07/06/2017 | D1 | SR | SUMS COMPLAINT(32686583) SENT BY FEDERAL EXPRESS. TO: INMATE SERVICES CORP. 220 NORTH 6TH STREET, SUITE A WEST MEMPHIS, AR 72301 | 📄 |
| 07/05/2017 | N/A | SF | JUDGE BRIAN J CORRIGAN ASSIGNED (RANDOM); RE-FILED CASE, REASSIGNED TO ORIGINAL JUDGE, JUDGE STEVEN E GALL | |
| 07/05/2017 | N/A | SF | JUDGE BRIAN J CORRIGAN ASSIGNED (RANDOM) | |
| 07/05/2017 | P1 | SF | LEGAL RESEARCH | |
| 07/05/2017 | P1 | SF | LEGAL NEWS | |
| 07/05/2017 | P1 | SF | LEGAL AID | |
| 07/05/2017 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 07/05/2017 | P1 | SF | COMPUTER FEE | |
| 07/05/2017 | P1 | SF | CLERK'S FEE | |
| 07/05/2017 | P1 | SF | DEPOSIT AMOUNT PAID WILLIAM CRAIG BASHEIN | |
| 07/05/2017 | N/A | SF | CASE FILED: COMPLAINT | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.
For questions/comments please click here.
Copyright © 2017 PROWARE. All Rights Reserved. 1.1.169



# SUMMONS IN A CIVIL ACTION — COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
### CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV17882659 | D1 FX | 32686583 |

Rule 4 (B) Ohio

Rules of Civil Procedure

## SUMMONS

```
        MICHAEL PETERS               PLAINTIFF
             VS
       INMATE SERVICES CORP.         DEFENDANT
```

```
INMATE SERVICES CORP.
C/O RANDY CAGLE
220 NORTH 6TH STREET, SUITE A
WEST MEMPHIS AR 72301
```

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

Said answer is required to be served on:



You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Plantiff's Attorney

```
JOHN P HURST
TERMINAL TOWER, 35TH FLOOR

50 PUBLIC SQUARE
CLEVELAND, OH 44113-0000
```

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

```
STEVEN E GALL
Do not contact judge. Judge's name is given for
attorney's reference only.
```

NAILAH K. BYRD
Clerk of the Court of Common Pleas





| DATE SENT |
|---|
| Jul 6, 2017 |

By_____
         Deputy

COMPLAINT FILED   07/05/2017

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**July 5, 2017 16:00**

By: WILLIAM CRAIG BASHEIN 0034591

Confirmation Nbr. 1110703

| | |
|---|---|
| MICHAEL PETERS | CV 17 882659 |
| vs. | **Judge:** STEVEN E. GALL |
| INMATE SERVICES CORP. | |

**Pages Filed:** 11

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| MICHAEL PETERS<br>1045 Sagamore North<br>Streetsboro, Ohio  44241<br><br>   Plaintiff,<br><br>   -vs-<br><br>INMATE SERVICES CORP.<br>c/o RANDY CAGLE<br>220 North 6th Street, Suite A<br>West Memphis, Arkansas  72301<br><br>   Defendant | CASE NO.<br><br>JUDGE<br><br><br><br><br><br>**CLASS ACTION COMPLAINT**<br>**(Jury Demand Endorsed Herein)** |

Now comes the Plaintiff, Michael Peters, by and through his attorneys, who hereby brings this action as a Class action, on his own behalf and on behalf of the Class of persons defined below, and for his Complaint against Defendant, Inmate Services Corp. (hereafter "Inmate Services" or "Defendant"), alleges, pursuant to his personal knowledge as to himself and his own acts and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION AND BACKGROUND

1. The Plaintiff, Michael Peters, (hereinafter the "Named Plaintiff") brings this suit on behalf of himself and all other detainees who were in the custody of Defendant Inmate Services while being transported on trips of more than one day (trips greater than twenty-four (24) hours in duration) in one of Defendant's transport vans or vehicles.  At all times relevant, Defendant

Inmate Services operated its inmate transport vans by and through its hired agents who were operating in the course and scope of their employment with Defendant pursuant to Defendant's uniform and standard policies and procedures. Defendant Inmate Services, during the time of the applicable statute of limitations through and continuing to the present (the "Class Period"), illegally engaged in the practice of transporting detainees in an unfair, unjust, unreasonable, inhumane, uncivilized and negligent manner contrary to applicable law and to the injury of the Named Plaintiff and the Class Members as set forth herein. Throughout the Class Period, Defendant failed to take measures to change its standard, uniform and established policies and practices to the harm and injury of the Named Plaintiff and the Class Members.

2. As more fully set forth herein, Defendant systematically and uniformly acted in a negligently inhumane, uncivilized, mentally and physically damaging and unsafe manner in the transportation of the Named Plaintiff and the Class Members. Defendant has failed to change their negligent conduct, policies, procedures and practices in direct violation of applicable law and/or their legal duties. Defendant has thus acted and continues to act without reasonable justification by not changing its actionable conduct with respect to the Named Plaintiff and the members of the Class.

### CLAIM OF MICHAEL PETERS

3. On or about July 4, 2015, Plaintiff Michael Peters was detained at the Cuyahoga County jail located at 1215 West 3rd Street, Cleveland, Ohio.

4. On or about July 4, 2015, Defendant's agents took custody of Plaintiff Michael Peters to transport him from Cuyahoga County jail to Harrison County, Indiana pursuant to an extradition order.

5. At all times material herein, Defendant's agents were employed by Defendant Inmate Services Corp. and were acting in the course and scope of their employment with Defendant Inmate Services Corp.

6. After taking custody of Plaintiff Michael Peters, Defendant's agents handcuffed the Named Plaintiff Michael Peters and placed him in a transport van.

7. Defendant's agents held Plaintiff Michael Peters for approximately five (5) straight days without providing any shower, any bed, adequate physical exercise, sufficient breaks, basic hygiene including even the ability to brush his teeth, and failed to provide him his medication.

8. Defendant's agents held the Named Plaintiff Michael Peters handcuffed in a van from July 4, 2015 until July 9, 2015 while they travelled from Cleveland, Ohio to the following destinations: Massachusetts; Bangor, Maine; Maryland; Orlando, Florida; Tampa, Florida; three (3) stops in Alabama; Tennessee; West Virginia; Pennsylvania; Columbus, Ohio; Cincinnati, Ohio; and finally released the Named Plaintiff to the custody of Harrison County Common Pleas Court on July 9, 2015.

9. At all times material herein, Defendant's agents refused to permit the Named Plaintiff Michael Peters to leave the van except to use the bathroom a few times a day.

10. At all times material herein, Defendants' treatment of Plaintiff Michael Peters was negligently inhumane, extreme, physically and mentally injurious and outrageous behavior that should not be tolerated in civilized society.

## CLASS ALLEGATIONS

11. The Named Plaintiff brings this class action and seeks certification on behalf of himself and on behalf of the Class Members he seeks to represent listed below under Ohio Rule of Civil Procedure 23:

The class is a Rule 23(B)(1) class and a Rule 23(B)(2) class defined as follows:

ALL DETAINEES OR PRISONERS WHO WERE IN THE CUSTODY OF INMATE SERVICES CORP. AND TRANSPORTED IN DEFENDANT'S VANS OR VEHICLES BY ITS AGENTS ON TRIPS GREATER THAN TWENTY-FOUR (24) HOURS IN LENGTH.

Excluded from the class are (1) all present and former directors, officers, agents and employees of Defendant, (2) any detainees or prisoners who filed a lawsuit involving any of the claims asserted herein, (3) employees of Plaintiff's Class Counsel in this case, any judge assigned to this case and their staff, Defendant's counsel of record, and their immediate families, and (4) all persons who make a timely and proper election to be excluded from the class. For any cause of action listed below, the class shall also not include any persons or entities whose claim(s) against Defendant arose prior to the relevant Statute of Limitations for that claim, or Class Members whose claim(s) are based entirely on any cause of action that is dismissed.

12. This action is properly brought as a class action for the following reasons:

a. The class is so numerous and geographically dispersed that joinder of all members is impracticable. Although the Named Plaintiff does not now know the exact number and identity of Class Members, the Named Plaintiff believes that there are at least hundreds of Class Members whose identities can be ascertained from Defendant's books and records. Attempting to join and name each Class Member, as co-Plaintiffs, would be unreasonable and impracticable.

b. There are questions of law and fact common to the members of the Class that predominate over any individual questions affecting only individual Class Members. Among these common questions of law and fact are:

i. Whether Defendant's conduct is a breach and/or legal violation of Defendant's civil duties and other applicable legal requirements set forth in this Complaint;

ii. Whether Defendant was required to create reasonable, humane and safe policies

and procedures for transporting detainees in its custody, train its transportation agents on those policies and procedures and audit and enforce compliance for the safety and health of those in its custody and, if so, whether its failure to do so was a violation of its legal and/or equitable duties;

      iii. Whether the Named Plaintiff and the class are thus entitled to damages for their mental and/or physical injuries resulting therefrom, and other appropriate declaratory and equitable relief.

      iv. Whether Defendant's conduct has been uniformly and systematically carried out in a concerted manner by Defendant and its transportation agents.

      vi. Whether the Named Plaintiff and the class have sustained damages and the proper measure of those damages; and

      vii. Whether the Named Plaintiff and the class are entitled to recover their costs, attorneys' fees and prejudgment interest.

      c.      The claims asserted by the Named Plaintiff are typical of the claims of the members of the class.

      d.      The Named Plaintiff will fairly and adequately protect the interests of the members of the class. The interests of the class are coincident with, and not antagonistic to, those of the Named Plaintiff. Furthermore, the Named Plaintiff is represented by experienced class action counsel.

      e.      This class action is an appropriate method for the fair and efficient adjudication of this controversy because:

      i. There is no special interest by Class Members in individually controlling the prosecution of separate actions;

      ii. The damages sustained by individual Class Members are relatively small and the expense and burden of individual litigation makes it impossible for the Class Members individually to redress the wrongs done to them;

      iii. When Defendant's liability has been adjudicated, claims of all Class Members can be administrated efficiently under the direction of / or as determined by this Court;

      iv. This action will promote an orderly and expeditious administration and adjudication of the class claims, economies of time, effort and resources will be fostered and uniformity of decisions will be insured;

    v.  Without a class action, the Named Plaintiff and the members of the class will continue to suffer damages and Defendant's violations of law and/or civil duties will proceed without remedy while Defendant continues its injurious and wrongful conduct; and

    vi.  There will be no insurmountable difficulty in the management of this lawsuit as a class action.

13. The liability arising from Defendant's conduct may be tried on a class-wide basis, as the trial will focus upon only common questions applicable to the entire members of the class. Those common questions arise from Defendant's tortious and otherwise actionable conduct. Common liability issues exist between Defendant and all of the members of the class. Thus, a trial of the Named Plaintiff's claims will decide liability issues for all of the members of the defined class.

14. In addition to the above and as fully set forth herein, Defendant has acted, or refused to act, on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## **COUNT ONE – NEGLIGENCE**

15. The Named Plaintiff restates and re-avers the statements contained in the above paragraphs of his Complaint as if fully restated herein.

16. At all times material herein, Defendant owed the Named Plaintiff Michael Peters and the Class Members a duty to provide for their health, welfare, physical and mental security and safety and owed a duty to treat them in a safe, humane, civilized manner.

17. At all times material herein, Defendant negligently failed to provide for the welfare, safety and physical/mental well being of Plaintiff Michael Peters and the Class while in their custody and control including, but not limited to:

a) Negligently failing to directly transport the prisoners to their drop-off destinations pursuant to Court extradition orders;

b) Negligently failing to provide regular bathroom breaks, rest stops and exercise, restricting detainees inside transport vans in shackles for excessive and unreasonable periods of time with great physical and mental/emotional harm or risk to detainees;

c) Negligently failing to provide requisite training to its agents regarding the adequate and reasonably necessary treatment and conduct of detainees being transported in their custody and control to ensure humane treatment and detainee physical and mental/emotional health;

d) Negligently failing to provide and/or administer medications or provide for other healthcare required or prescribed;

e) Negligently failing to permit reasonable and humane necessities on detainee transportation trips including daily hygiene care such as washing or bathing, or permitting the brushing of teeth, or even changing underwear and clothes creating a condition of filth physically and mentally/emotionally harmful to human beings.

18. At all times material herein and for each separate occurrence, Defendant's agents and employees were operating the transport vans and transporting the Named Plaintiff and each of the Class Members while working in the course and scope of their employment with Defendant Inmate Services Corp., following the established, standard and uniform policies and practices of Defendant.

19. As a direct and proximate result of Defendant's negligence, the Named Plaintiff Michael Peters and the Class Members suffered mental / emotional and physical injuries and other legally recoverable damages including damages permanent in nature.

20. Defendant Inmate Services Corp. is liable for all actions of its transportation agents, which were uniformly established pursuant to standard policies and practices, authorized or ratified, pursuant to the doctrine of respondent superior.

## COUNT TWO
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

21. The Named Plaintiff hereby restates and re-avers the statements contained in the above paragraphs of his Complaint as if fully restated herein.

22. At all times herein relevant, Defendant owed a duty of reasonable care to avoid the infliction of physical injury and/or mental / emotional distress upon Plaintiff Michael Peters and the Class Members.

23. The acts of Defendant were deeply offensive to the ordinary reasonable person.

24. The acts of Defendant were negligent and a breach of the duty of care owed to the Named Plaintiff Michael Peters and the Class.

25. At all times relative herein, the Named Plaintiff Michael Peters and the Class were in the zone of danger of incurring physical or emotional injury and reasonably feared for their safety and/or wellbeing. The danger of injury to the detainees was reasonably foreseeable.

26. As a direct and proximate result of said acts by Defendant, the Named Plaintiff Michael Peters and the Class suffered great pain of body and mind, anxiety, humiliation, embarrassment, severe mental anguish and emotional distress, and were otherwise damaged.

27. As a further direct and proximate result of said acts of the Defendant, the Named Plaintiff and the Class have suffered damages in an amount to be ascertained, said damages being continuing in nature.

## COUNT III
## (DECLARATORY AND INJUNCTIVE RELIEF)

28. The Named Plaintiff and the Class Members he represents repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

29. A live, justiciable and substantial controversy exists between the Named Plaintiff, the Class Members and Defendant as described herein, for which there is no readily available and expedient remedy at law or equity. A declaration of rights, status and legal relations is requested in the determination of the question of the legality of defendant's conduct and the duties owed to the Named Plaintiff and the Class Members, as raised herein.

30. The Named Plaintiff, on behalf of himself and the Class Members he seeks to represent, demands payment of all amounts owed as more fully set forth above.

31. Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

32. The Named Plaintiff and the Class Members seek declaratory relief in the form of a judgment establishing that Defendant's continuing failure to pay the amounts owed and continuation of the above described policies and practices is violative of Defendant's legal authority and/or the obligations owed by Defendant under applicable law. The Named Plaintiffs and the Class Members further request a declaration establishing the damages and remedies that are due to them.

33. The Named Plaintiff further seeks injunctive relief enjoining the ongoing, continuing, inequitable, unfair, unreasonable, tortious and/or illegal policies, practices and conduct of Defendant with respect to himself and the Class Members he seeks to represent including all present and future Class Members in Defendant's custody. The Named Plaintiff and the present and future Class Members will suffer immediate and irreparable harm, or the threat thereof, unless Defendant's ongoing, continuing, inequitable, unfair, unreasonable, negligent and otherwise tortious and/or illegal policies, practices and conduct are enjoined with

respect to their inhumane treatment during their detention in Defendant's custody and control as will be established at hearing or trial.

## PRAYER

WHEREFORE, the Named Plaintiff requests that the Court enter judgment in his favor and in the favor of the members of the class and against Defendant as follows:

    a.    Determining that the action is properlly maintained as a class action; certifying the class; certifying the Named Plaintiff as class representative for the class; and appointing the Named Plaintiff's counsel as counsel for the class;

    b.    Awarding compensatory damages, attorneys' fees, and costs;

    c.    Awarding pre-judgment interest;

    d.    Awarding post-judgment interest as provided by law;

    e.    Awarding suitable equitable, injunctive and declaratory relief;

    f.    Providing such other and further relief as is just and appropriate.

## JURY DEMAND

The Named Plaintiff and the members of the class hereby demand trial by jury on all eligible claims and issues.

Respectfully submitted,

/S/ W. Craig Bashein
W. Craig Bashein, Esq. (#0034591)
**BASHEIN & BASHEIN CO., L.P.A.**
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113
(216) 771-3239
cbashein@basheinlaw.com

/s/ Paul W. Flowers
Paul W. Flowers, Esq(#0046625)
**PAUL W. FLOWERS, CO., L.P.A.**
Terminal Tower, Suite 1910
50 Public Square
Cleveland, Ohio 44113
(216) 344-9393
pwf@pwfco.com

/s/ John P. Hurst
John P. Hurst, Esq. (#0010569)
(*OF COUNSEL*)
**BASHEIN & BASHEIN CO., L.P.A.**
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113
(216) 771-3239
jhurst@basheinlaw.com

/s/ John J. Spellacy (per consent)
John J. Spellacy (#0065700)
**JOHN J SPELLACY CO., L.P.A.**
323 W. Lakeside Ave. Suite 300
Cleveland Ohio 44113
216 241-0520
jspellacy@spellacylaw.com

Attorneys for Plaintiff



July 12, 2017

Dear Customer:

The following is the proof-of-delivery for tracking number **787098553074**.

## Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | T.CAGLE | Delivery location: | 220 N 6TH ST<br>WEST MEMPHIS, AR 72301 |
| Service type: | FedEx Express Saver | Delivery date: | Jul 11, 2017 08:39 |
| Special Handling: | Deliver Weekday | | |
| | Direct Signature Required | | |



## Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 787098553074 | Ship date: | Jul 6, 2017 |
| | | Weight: | 0.5 lbs/0.2 kg |

Recipient:
INMATE SERVICES CORP.
C/O RANDY CAGLE
220 NORTH 6TH STREET, SUITE A
WEST MEMPHIS, AR 72301 US

Shipper:
CCoC
1200 Ontario
Cleveland, OH 44113 US

Reference
Invoice number

CV17882659
32686583

Thank you for choosing FedEx.

CV17882659 / 32686583 / INMATE SERVICES CORP. / 2017-7-12 05:22